Donald W. Powell – State Bar No. 3238
**CARMICHAEL & POWELL, P.C.**
7301 North 16th Street, Ste. 103
Phoenix, Arizona 85020-5297
Phone: (602) 861-0777
d.powell@cplawfirm.com

Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>JESSIE PAUL OGLE,<br><br>Debtor. | No. 2-14-11428-GBN<br><br>CHAPTER 11<br><br>**PLAN OF REORGANIZATION** |

COMES NOW the Debtor, by and through his attorneys undersigned, and herein proposes the following Plan of Reorganization.

I. <u>Classification of Creditors</u>.

The classes of creditors are divided as follows:

Class 1    Expenses of Administration.

Class 2    Secured creditor BANK OF AMERICA ("B of A") (8502 E. Amelia).

Class 3    Secured creditor B of A (1458 E. Laredo St.).

Class 4    Secured creditor EVERBANK.

Class 5    Secured creditor GREEN TREE.

Class 6    Secured creditor OCWEN.

Class 7    INTERNAL REVENUE SERVICE ("IRS").

Class 8    ARIZONA DEPARTMENT OF REVENUE ("ADOR").

Class 9    Unsecured creditors.

Class 10   Debtor.

II.   Treatment Provisions for Claims of Creditors.

The claims of creditors will be satisfied and treated as below set forth:

Class 1.   The Debtor has certain administrative claimants.  The law firm of CARMICHAEL & POWELL, P.C., by DONALD W. POWELL, the Court appointed attorneys for the Debtor, are due sums for legal services and expenses.  The Debtor will pay any approved sums within 30 days of the applicable Court Order, except if the applicable administrative claimants agree to payment at a later date.  Any sums due the United States Trustee are within this Class; it is believed the Debtor is current with quarterly payments due the United States Trustee, and will so remain current.  This Class is not impaired by the Plan.

Class 2.   B of A possesses a lien on 8502 E. Amelia, Scottsdale, Arizona.  Such lien will be retained until the provisions of this Class are satisfied.  The fair market value of such real property is $400,000.00.  The Debtor will pay such $400,000.00, plus interest at 3% per annum, in monthly payments which will allow the $400,000.00 and interest to be paid over 20 years.  The payment in this Class shall include amounts due for real property taxes and insurance, and shall begin 30 days after the date of confirmation, and will continue thereafter on the same day of each month.  This Class is impaired by the Plan.

Class 3.   B of A possesses the second lien on 1458 E. Laredo St., Chandler, Arizona.  Such lien will be retained until the provisions of this Class are satisfied.  There is no equity in such real property for the second

lien; the Debtor shall pay B of A $2,500.00 within 6 months after the date of confirmation as satisfaction in full of the second lien. This Class is impaired by the Plan.

Class 4. EVERBANK possesses the first lien on 1458 E. Laredo St., Chandler, Arizona. Such lien will be retained until the provisions of this Class are satisfied. The fair market value of such real property approximates the amount due EVERBANK. The Debtor will make the normal monthly payments to EVERBANK, which includes interest at the contract rate, real property taxes and insurance. Post-petition arrearages shall be paid in the amount of $500.00 monthly, beginning in November, 2015, and continuing on the 15th day of each month thereafter until such arrearages are satisfied. This Class is impaired by the Plan.

Class 5. GREEN TREE possesses a lien on 680 W. Minton Dr., Tempe, Arizona. Such lien will be retained until the provisions of this Class are satisfied. The fair market value of such real property is $260,000.00. The Debtor will make the normal monthly payments to GREEN TREE, which includes interest at the contract rate, real property taxes and insurance on the amount of $260,000.00. Such payments shall begin on December 10, 2015, and continue on the same day of each month thereafter until GREEN TREE has been paid the amount in this Class. Delinquencies shall be paid within one year from the date of confirmation. This Class is impaired by the Plan.

Class 6. OCWEN possesses the lien on 4028 E. Lewis, Phoenix, Arizona. Such lien will be retained until the provisions of this Class are satisfied. The fair market value of such real property is $250,000.00. The Debtor will pay such $250,000.00, plus interest at 3% per annum, in monthly payments which will allow the $250,000.00 and interest to be paid

over 20 years.  The payment in this Class shall include amounts due for real property taxes and insurance, and shall begin 30 days after the date of confirmation, and will continue thereafter on the same day of each month. This Class is impaired by the Plan.

Class 7. IRS is due an amount for income taxes for 2010.  As the applicable amount is for income taxes due for tax years at least three years prior to the filing of the Chapter 11 Petition, the same are dischargeable.  Any prepetition lien of IRS is unsecured as no equity is applicable in the real property of the Debtor, with such lien being treated under Class 9. This Class is impaired by the Plan.

Class 8. ADOR is due an amount for income taxes for 2010.  As the applicable amount is for income taxes due for tax years at least three years prior to the filing of the Chapter 11 Petition, the same are dischargeable.  Any prepetition lien of ADOR is unsecured as no equity is applicable in the real property of the Debtor, with such lien being treated under Class 9. This Class is impaired by the Plan.

Class 9. Unsecured creditors with valid and proven claims will be paid a total amount of $20,000.00, plus interest at 3% per annum, in semi-annual installments of $4,000.00, plus interest, beginning 6 months after the date of confirmation and continuing thereafter on the same day of each applicable month.   Creditors with valid and proven unsecured claims will be paid on a prorata basis.   It is the opinion of the Debtor such creditors will receive approximately 5% of their claim.   This Class is impaired by the Plan.

Class 10. The Debtor shall retain his property pursuant to 11 U.S.C. § 1115.  The Debtor submits that under 11 U.S.C. §

1129(b)(2)(b)(ii), the absolute priority rule is not applicable to individuals in a Chapter 11 proceeding.   This Class is not impaired by the Plan.

III.   Execution and Implementation of the Plan.

The Debtor or a designated representative of the Debtor shall continue to serve as the person to perform the duties of the Debtor-In-Possession.  The law firm of CARMICHAEL & POWELL, P.C., will represent the Debtor regarding consummation of the Plan of Reorganization.  The funds necessary to effectuate consummation of the Plan of Reorganization will derive from rental income and liquidation of assets of the Debtor.

IV.   Contested Claims.

Contested claims by the Debtor shall be paid only upon their allowance by the Court, and in such allowed amount according to the Class in which they belong.

V.   Modification of the Plan.

The Debtor may propose amendments or modifications of this Plan at any time prior to confirmation by compliance with 11 U.S.C. § 1127. After confirmation the Debtor may, with approval of the Court, with notice and a hearing if the Court so orders, and so long as it does not materially or adversely affect the interests of the creditors, remedy any defect or omission or reconcile any inconsistencies in the Plan or in the order of confirmation in such manner as may be necessary to carry out the purposes and effect of the Plan.

VI.   Jurisdiction of the Court.

The Court will retain jurisdiction, until the Plan has been fully consummated, concerning, but not limited to, the following:

. . .

- 5 -
Case 2:14-bk-11428-GBN   Doc 107   Filed 10/20/15   Entered 10/20/15 13:01:25   Desc
Main Document    Page 5 of 8

1. The classification of the claim of any creditor and the re-examination of the claims which have been allowed for the purposes of voting and the determination of such objections as may be filed to creditors' claims. The failure by the Debtor to object to or examine any claim for purposes of voting shall not be deemed to be a waiver of the Debtor's right to object to or re-examine the claim in whole or in part.

2. The determination of all questions and disputes regarding title to the assets of the estate and determination of all causes of action, controversies, disputes or conflicts whether or not subject to any action pending as of the date of confirmation between the Debtor and any other party including, but not limited to, any right of the Debtor to recover assets pursuant to the provisions of Title 11 of the United States Code.

3. The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

4. The enforcement and interpretation of the terms and conditions of this Plan.

5. The entry of any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor and to impose such limitations, restrictions, terms and conditions of such title, rights and powers.

6. The entry of any Order concluding in the termination of the case.

VII. <u>Post Confirmation Activities</u>.

The assets of the Debtor will not be dissipated after confirmation of the Plan.

VIII. <u>United States Trustee Post-Confirmation</u>.

The Debtor will satisfy, by cash payment and on a timely basis, the quarterly fees due the United States Trustee post-confirmation, such quarterly fees to be paid until a Final Decree has been entered. Further, the Debtor will file on a timely basis, post-confirmation, the required Financial Reports due the United States Trustee, with copies of all such Reports being filed to be served on the United States Trustee.

IX. Plan Default.

The Debtor's failure to make any payment due under the Plan within 30 days after the payment is due shall constitute a default unless the Debtor and the affected creditor agree to delayed payment. A default in payment as to one creditor shall constitute a default in payment as to all creditors. A default shall also occur when any default provisions of any creditor's contract with the Debtor assumed or continued by the Plan has been breached except to the extent that the default provisions or applicability thereof are modified by the Plan. Upon default, creditors may immediately move for conversion or dismissal of this case, pursuant to 11 U.S.C. § 1112.

X. Effect of Confirmation.

Except as otherwise provided in the Plan or the Order Confirming Plan, confirmation acts as a discharge, effective the date of confirmation, of any and all dischargeable debts of the Debtor that arose any time before the entry of the Order Confirming Plan including, but not limited to, all principal and interest accrued thereon, pursuant to §1141(d)(1) of the Bankruptcy Code. The discharge shall be effective as to each dischargeable claim, regardless of whether a Proof of Claim thereon was filed, whether the claim is an allowed claim or whether the holder thereof votes to accept the Plan.

In addition, any pre-confirmation obligations of the Debtor dealt with in the Plan shall be considered new obligations of the Debtor, and such new obligations shall not be considered in default unless and until the Debtor defaults on the new obligations pursuant to the terms of the Plan. The new obligations provided for in the Plan shall be in the place of, and completely substitute for, any pre-confirmation obligations of the Debtor and, once the Plan is confirmed, the only obligations of the Debtor shall be such new obligations as provided for under the Plan.

XI. <u>Unclaimed Funds and Interest</u>.

Distribution to claimants shall be mailed by the Debtor to claimants at the address appearing on the master mailing matrix unless the claimant provides the Debtor with an alternative address. For a period of one year from the date a distribution was made by the Debtor but has gone uncollected by the claimant, the Debtor shall retain any distributions otherwise distributable hereunder which remain unclaimed. Thereafter, the unclaimed funds shall revest in the Debtor.

XII. <u>Revesting</u>.

Except as provided for in the Plan or in the Order Confirming Plan, on the date of confirmation the Debtor shall be vested with all the property of the estate, free and clear of all claims, liens, charges, and other interests of creditors, arising prior to the date of confirmation

RESPECTFULLY SUBMITTED this 20th day of October, 2015.

CARMICHAEL & POWELL, P.C.

By /s/ *Donald W. Powell*

Donald W. Powell
7301 North 16th Street, #103
Phoenix, Arizona 85020
Attorneys for Debtor