
# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | CHAPTER 11 |
| JESSIE PAUL OGLE, | Case No. 2:14-bk-11428-GBN |
| Debtor. | **ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION DATED MAY 16, 2017** |

Upon consideration of the Debtor's *Second Amended Plan of Reorganization Dated May 16, 2017* [ECF No. 226] ("**Plan**");[1] the *First Amended Disclosure Statement Dated May 16, 2017* [ECF No. 227] ("**Disclosure Statement**"); the *Debtor's Ballot Report* [ECF No. 293] ("**Ballot Report**"); the *Declaration of Jessie Paul Ogle in Support of Debtor's Second Amended Plan of Reorganization Dated May 16, 2017* [ECF No. 298]; the statements of counsel at the hearing on December 13, 2017 regarding confirmation of the Plan ("**Confirmation Hearing**"); the entire record in this case; and good cause appearing, the Court finds as follows:

1.      On July 24, 2014 ("**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.      On June 30, 2017, the Court entered the Order approving the Disclosure Statement [ECF No. 248] ("**Disclosure Statement Order**") which set a hearing on confirmation of the Plan.

---

[1] Except as otherwise noted herein, capitalized terms shall retain the meanings attributed to them in the Plan.

{00079039 2}

3.     The Disclosure Statement Order, Disclosure Statement, Plan, and ballots were properly noticed to all Creditors and interested parties as required by Fed. R. Bankr. P. 2002.

4.     The Plan was properly submitted to creditors for voting.

5.     On November 30, 2016, the Internal Revenue Service ("**IRS**") filed an Objection to a prior plan [ECF No. 179] and informally reserved its rights thereafter in connection with the Plan ("**IRS Objection**").

6.     On June 6, 2017, Ditech Financial, LLC ("**Ditech**") filed Objections to the Plan [ECF Nos. 238 and 239] ("**Ditech Objections**").

7.     On June 20, 2017, CT Asset Management, LLC and Veronica Milton filed an objection to the Plan [ECF No. 241] and later withdrew the same [ECF No. 288].

8.     The United States Trustee ("**UST**") informally objected to the Plan.

9.     To resolve the IRS Objection, the Ditech Objections, and the concerns of the UST, the Debtor and such parties have agreed to confirmation of the Plan as modified herein.

10.     To resolve the UST's informal objection, Section 13.6 of the Plan regarding exculpation and limitation of liability is hereby amended to read as follows:

> Neither the Debtor, nor any of his respective present or former employees, advisors, attorneys, or agents, will have or incur any liability to any holder of a Claim, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their successors or assigns, for any post-petition act or omission in connection with, relating to, or arising out of the Case, efforts to obtain confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, whether now known or hereafter discovered, *except for his gross negligence; fraud; willful, wanton, or intentional misconduct; or breaches of his fiduciary duties.*

In addition, at the request of the UST, the Debtor has attached a list of creditors holding General Unsecured Claims hereto as **Exhibit A**.

11.     The Class I Administrative Claimants are unimpaired and deemed to have accepted the Plan. Holders of Allowed Class I Claims shall be paid in full on the Effective Date of the Plan, or upon such other terms as the Debtor and the holders of such Claims agree.

12.     Class II(a) – Priority Tax Claim of the Arizona Department of Revenue ("**ADOR**"). The Allowed Class II(a) Claim is in the total amount of $1,477.04. The interest

rate paid to the Allowed Class II(a) Claim shall be four percent (4.0%) per annum. The holder of the Allowed Class II(a) Claim shall receive payment of the Allowed Class II(a) Claim in full, in thirty six equal monthly payments of $43.61 beginning on the Effective Date. The ADOR also asserts a General Unsecured Claim in the amount of $4,401.49, which shall be treated and paid as an Allowed Class IV General Unsecured Claim. No prepayment penalty shall pertain to the Class II(a) Claim.

If the Debtor fails to comply with the provisions of the Plan with respect to the liability owed to the ADOR, which includes but is not limited to, the failure to make full and timely payments, such failure shall constitute a default under the Plan. If the Debtor fails to cure the default within 30 days after written notice of the default from the ADOR or its agents, the entire balance due to the ADOR shall be immediately due and owing. In the event of a default, the ADOR may enforce the entire amount of its Claim, exercise any and all rights and remedies under applicable non-bankruptcy law, which include, but are not limited to, state tax collection procedures and any other such relief as may be deemed appropriate by the Bankruptcy Court.

13. **Class II(b) – Priority Tax Claim of the IRS.** The following treatment resolves the IRS Objection: the Allowed Class II(b) Claim is in the total amount of $27,539.99. Allowed Class II(b) Claims shall be paid with interest at the statutory rate set forth in I.R.C. §§ 6621 and 6622 that is in effect during the month the Plan is Confirmed (currently 4.0% compounded daily). The holder of the Allowed Class II(b) Claim shall receive payment of the Allowed Class II(b) Claim in full, in thirty six equal monthly payments of $813.09 beginning on the Effective Date. The IRS also asserts a General Unsecured Claim in the amount of $9,705.92, which shall be treated and paid as an Allowed Class IV General Unsecured Claim. No prepayment penalty shall pertain to the Class II(b) Claim.

In the event the Debtor defaults on any payment due to the holder of the Class II(b) Claim as required under the confirmed Plan, and in the event the Debtor fails to cure said default within thirty days after written notice of the default is mailed to the Debtor and the Debtor's attorneys, the entire imposed liability together with any unpaid current liabilities, shall

become due and payable immediately. The IRS may collect unpaid liabilities that become due as a result of the default through the administrative collection provision or judicial remedies as set forth in the Internal Revenue Code. The IRS shall not be required to seek a modification from the automatic stay to collect any tax liabilities from property that has revested with the Debtor. Any unpaid priority claims, including any unpaid interest due after the bankruptcy was filed and prior to the start of the bankruptcy plan payments, plus unpaid penalties on priority taxes due after the bankruptcy filing date, that are not paid through the plan, will not be discharged

14.     Class III(a) – Secured Claims of Bank of America. Class III(a) consists of the Secured Claim of BofA relating to prepetition liens against the Amelia, Laredo, and Lewis Properties. As set forth in Section 3.1 of this Disclosure Statement, during the pendency of the Case, BofA settled litigation with the United States Department of Justice, pursuant to which BofA forgave the debt related to these liens and filed releases of the liens with the Maricopa County Recorder as follows: On October 5, 2015, BofA recorded a certain Deed of Release and Reconveyance at Recording No. 20150715187, releasing its lien against the Amelia Property; on April 5, 2016, BofA recorded a certain Deed of Release and Reconveyance at Recording No. 20160223568, releasing its lien against the Laredo Property; and on April 11, 2013, BofA recorded a certain Deed of Release and Reconveyance at Recording No. 20130326634.

Based upon BofA forgiving the Debtor's debt and releasing the liens in connection with the Amelia, Laredo, and Lewis Properties, any and all Claims of BofA against the Debtor are deemed satisfied and BofA no longer holds any Claims in this Case. Any and all Claims of BofA against the Debtor shall be discharged as of the Effective Date. No prepayment penalty shall pertain to this Claim.

15.     Class III(b) Secured Claim of U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust ("U.S. Bank"). As of the Petition Date, Everbank was the holder of the Class III(b) Claim and filed Proof of Claim No. 4 in connection therewith. Everbank subsequently assigned its interest in Proof of Claim No. 4 to Nationstar, and Nationstar subsequently assigned its interest in Proof of Claim No. 4 to U.S. Bank. See ECF Nos. 122 and

289. The holder of the Allowed Class III(b) Claim shall receive treatment pursuant to the *Order Regarding Plan Treatment of the First Lien Encumbering Real Property Located at 1458 Laredo St. Chandler, AZ 85226.* No prepayment penalty shall pertain to this Claim.

16. Class III(c) – Secured Claim of New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("**Shellpoint**") relating to its lien on the Lewis Property pursuant to the Assignment/Transfer of Claim from Ditech at ECF No. 254. Based upon the agreement between the Debtor and Shellpoint, as evidenced by signature of counsel below, the treatment of the Class III(c) Claim under the Plan is hereby amended as follows: On or before the date that is five months after the Effective Date, the Debtor shall reinstate the loan on the Lewis Property ("**Lewis Loan**") from proceeds of the sale of the Laredo Property. Until such time as the Lewis Loan is reinstated, the Debtor shall continue making payments to Shellpoint under the *Order on Stipulation Regarding Adequate Protection* [ECF No. 287] ("**Lewis Stipulation**") in the amount of $1,703.50, and all other terms of the Lewis Stipulation shall remain in full force and effect, including, but not limited to, default provisions. Upon reinstatement of the Lewis Loan, all rights and obligations of the Debtor and the holder of the Class III(c) Claim will revert to those under the pre-petition Lewis Loan documents, which will replace all rights and obligations under the Lewis Stipulation in full. No deficiency Claim exists with regard to the Class III(c) Claim and no prepayment penalty shall pertain to this Claim.

17. Class III(d) – Secured Claim of Ditech relating to its lien on the Minton Property. The holder of the Allowed Class III(d) Claim shall receive treatment as set forth in the *Stipulation Regarding Plan Treatment and to Valuate the First Lien Encumbering Real Property Located at 680 West Minton Drive Tempe, AZ 85282* attached hereto as **Exhibit B** ("**Minton Stipulation**"), and the terms of which are incorporated herein in their entirety. No prepayment penalty shall pertain to this Claim.

18. Class III(e) – Secured Claim of Polec Creditors. The holder of the Allowed Class III(e) Claim shall receive payment of the Allowed Class III(e) Claim in full with three percent (3%) interest per annum, in sixty (60) equal monthly payments of principal and interest in the amount of $71.45. Upon completion of payments to Polec, the Debtor may seek an Order

from the Court avoiding the lien created by the Polec Judgment, which the Debtor may thereafter file with the Maricopa County Recorder to avoid the Polec Judgment. Any fees required to reopen this Case to obtain such an Order avoiding the lien will be waived. No prepayment penalty shall pertain to the Class III(e) Claim.

19. Class III(f) – Secured Claim of Van Curen/King Creditors. The holder of the Allowed Class III(f) Claim shall receive payment of the Allowed Class III(f) Claim in full with three percent (3%) interest per annum, in sixty (60) equal monthly payments of principal and interest in the amount of $59.96. Upon completion of payments to Van Curen and King (who shall collectively be entitled to one Claim), the Debtor may seek an Order from the Court avoiding the lien created by the Van Curen/King Judgment, which the Debtor may thereafter file with the Maricopa County Recorder to avoid the Van Curen/King Judgment. Any fees required to reopen this Case to obtain such an Order avoiding the lien will be waived. No prepayment penalty shall pertain to the Class III(f) Claim.

20. Class IV – Holders of Allowed Class IV Claims shall be paid in full over five years. The Debtor shall make the payments to the holders of Allowed Class IV Claims on the first Business Day that occurs 11 months after the Effective Date ("Initial Payment Date") and every year thereafter for four years. Interest shall accrue on Class IV Claims at the rate of three percent (3%) per annum. If a Class IV Claim is not an Allowed Claim prior to 30 days after the Effective Date, such Class IV Claim holder shall receive payment on the one year payment date that falls after its Class IV Claim becomes an Allowed Claim.

21. The Plan complies with the applicable provisions of the Bankruptcy Code. Accordingly, the Plan complies with the requirements of 11 U.S.C. §§ 1129(a)(1) and (2).

22. The Plan has been proposed in good faith and not by any means forbidden by law. Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(3).

23. Any payments made by the Debtor for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, have been approved by, or are subject to the approval of, the Court as reasonable. Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(4).

24.     The Debtor is an individual.  Accordingly, 11 U.S.C. §§ 1129(a)(5)(A) and (B) are not applicable.

25.     The Plan does not require any rate change for which approval from a government regulatory commission is necessary.  Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(6).

26.     As set forth in the Ballot Report and the record presented at the Confirmation Hearing, one impaired class voted to accept the Plan.  Moreover, the Plan provides that each creditor will receive or retain property of a value, as of the Effective Date of the Plan, that is not less than the amount that each creditor would receive in a Chapter 7 liquidation.  The Plan provides for secured creditors to retain their liens on the property securing their claims or for the return of the secured creditor's collateral.  The Plan further provides for unsecured creditors to be paid in full, with interest.  Accordingly, the Plan complies with the requirements of 11 U.S.C. §§ 1129(a)(7)(A)(i) and (ii).

27.     No secured creditor has elected to be treated as a fully secured creditor pursuant to 11 U.S.C. § 1111(b).  Accordingly, 11 U.S.C. § 1129(a)(7)(B) is not applicable in this case.

28.     No classes voted to reject the Plan; however, because not all impaired classes submitted ballots, 11 U.S.C. § 1129(a)(8) has not been met.  Of the impaired classes that did not submit a ballot Class III(a) no longer holds any claim in the case; Secured Classes III(e) and (f) will retain their liens and be paid the full value of their claims, with interest; Class IV General Unsecured Creditors will be paid the full value of their claims, with interest; and the holders of the Class III(c) and (d) Claims have accepted the Plan pursuant to signatures of counsel below.  Based upon the foregoing, the Plan does not discriminate unfairly and is fair and equitable with respect to the Classes of Claims that did not submit ballots.  Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(b)(1) and (2).

29.     Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that with respect to a claim of the kind specified in § 507(a)(2) of the Bankruptcy Code, the holder of such claim will receive on account of such claim on the Effective Date of the Plan, cash equal to the amount of such claim.  The Debtor has

no claims specified in 11 U.S.C. § 507(a)(3).  Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(9)(A).

30.     The Debtor has no claims of the kind specified in 11 U.S.C. §§ 507(a)(4), (5), (6), or (7).  Accordingly, the Plan complies with 11 U.S.C. § 1129(a)(9)(B).

31.     With respect to a claim of a kind specified in 11 U.S.C. § 507(a)(8), to the extent that such claim exists, the holder of such claim will receive on account of such claim regular installment cash payments, over a period not exceeding five years after the order for relief, of a total value, as of the effective date of the Plan, equal to the allowed amount of such claim, unless otherwise agreed.  Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(9)(C).

32.     The Debtor has no claims of the kind specified in 11 U.S.C. § 1129(a)(9)(D). Accordingly, 11 U.S.C. § 1129(a)(9)(D) is not applicable in this case.

33.     At least one class of creditors that is impaired under the Plan has accepted the Plan determined without including any acceptance of the Plan by any insider.  Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(10).

34.     Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization by the Debtor.  Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(11).

35.     The Plan provides for the payment of all bankruptcy fees payable under 28 U.S.C. § 1930 on the Effective Date of the Plan.  Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(12).

36.     The Debtor does not provide and have not provided retiree benefits as that term is defined in 11 U.S.C. § 1114.  Accordingly, 11 U.S.C. § 1129(a)(13) is not applicable in this case.

37.     The Debtor is not required to pay any domestic support obligations. Accordingly, 11 U.S.C. § 1129(a)(14) is not applicable in this case.

38.     Because all objection to the Plan are resolved herein and no other holder of an allowed unsecured claim has objected to confirmation of the Plan, 11 U.S.C. § 1129(a)(15) is

not applicable in this case, though the Plan otherwise complies with the requirements of 11 U.S.C. § 1129(a)(15).

39.     All transfers of property under the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation that is not a moneyed, business or commercial corporation. Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(16).

Based upon the foregoing, and good cause appearing:

**IT IS ORDERED**, confirming the Plan as modified herein;

**IT IS FURTHER ORDERED,** approving the Minton Stipulation in its entirety;

**IT IS FURTHER ORDERED**, in accordance with the Plan that on the Effective Date, all rights, claims, title, and interest in and to the Debtor's assets or the Estate's assets shall be re-vested in the Debtor;

**IT IS FURTHER ORDERED**, that except as otherwise expressly provided in the Plan, and as modified herein, all holders of claims against the Debtor shall be precluded from asserting against the Debtor, his Estate, or the assets or properties of the Debtor or the Estate, any other or further claim based upon any omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date; and

**IT IS FURTHER ORDERED**, that notwithstanding the entry of this Order or the occurrence of the Effective Date, this Court shall retain jurisdiction over all disputes and matters arising out of, and related to, the Plan and this Confirmation Order to the fullest extent permitted by law, including, without limitation, any amendments contained herein.

**DATED AND SIGNED ABOVE**

**APPROVED AS TO FORM AND CONTENT:**

| **ALLEN BARNES & JONES, PLC** | **UNITED STATES OF AMERICA (IRS)** |
|---|---|
| /s/  KT #32446 | /s/ *Peter M. Lantka (with permission)* |
| Thomas H. Allen | Peter M. Lantka |
| Khaled Tarazi | Two Renaissance Square |
| 1850 North Central Ave., Ste. 1150 | 40 North Central Avenue, Ste. 1800 |
| Phoenix, AZ  85004 | Phoenix, AZ  85004 |
| *Attorneys for the Debtor* | *Attorney for the United States of America - IRS* |

**TIFFANY & BOSCO, P.A.**                    **UNITED STATES TRUSTEE**

/s/ *Leonard J. McDonald (with permission)*    /s/
Leonard J. McDonald                          Patty Chan
2525 E. Camelback Rd.                         230 N. First Ave., #204
Phoenix, AZ 85016                             Phoenix, AZ 85003
*Attorneys for Ditech Financial, LLC*          *Attorneys for U.S. Trustee*
*and Shellpoint Mortgage Servicing*            **(approved as to Form only)**

**THE LAW OFFICES OF**
**MICHELLE GHIDOTTI**


/s/ *Kristin A. Zilberstein (with permission)*
Michelle Ghidotti-Gonsalves
Kristin A. Zilberstein
5120 E. La Palma Ave. Ste. 206
Anaheim Hills, CA 92807-4219
*Attorneys for U.S. Bank Trust National*
*Association*

| | |
|---|---|
| 1 | **TIFFANY & BOSCO, P.A.** |
| 2 | |
| 3 | /s/ |
| 4 | Leonard J. McDonald |
| 5 | 2525 E. Camelback Rd. |
| | Phoenix, AZ 85016 |
| 6 | *Attorneys for Ditech Financial, LLC* |
| | *and Shellpoint Mortgage Servicing* |

**TIFFANY & BOSCO, P.A.**

/s/
Leonard J. McDonald
2525 E. Camelback Rd.
Phoenix, AZ 85016
*Attorneys for Ditech Financial, LLC*
*and Shellpoint Mortgage Servicing*

**THE LAW OFFICES OF**
**MICHELLE GHIDOTTI**

/s/
*Michelle Ghidotti-Gonsalves*
*5120 E. La Palma Ave. Ste. 206*
*Anaheim Hills, CA 92807-4219*
*Attorneys for U.S. Bank Trust National*
*Association*

**ILENE J. LASHINSKY**
**UNITED STATES TRUSTEE**
**DISTRICT OF ARIZONA**

/s/ _____ 2/22/18
Patty Chan
230 N. First Ave., #204
Phoenix, AZ 85003
*Attorneys for U.S. Trustee*
**(approved as to Form only)**

{00077745}                                          -10-

# Exhibit "A"

| Jessie Paul Ogle | | |
|---|---|---|
| **CLASS IV GENERAL UNSECURED CLAIMS*** | | |
| **TOTAL :** | | **$18,664.04** |
| | | |
| **Creditor** | **Source Document** | **Proof of Claim or Scheduled Amount** |
| Arizona Department of Revenue 1600 West Monroe Street Phoenix, AZ 85007 | Proof of Claim No. 1-3 | $ 4,401.48 |
| Internal Revenue Service Centralized Insolvency Operations P.O. Box 7346 Philadelphia, PA 19101-7346 | Proof of Claim No. 2-2 | $ 9,705.92 |
| Phoenix Children's Hospital | Schedules | $ 3,738.07 |
| Sprint c/o Allied Interstate, LLC | Schedules | $ 811.57 |
| Capital One | Schedules | $ 7.00 |
| | | |
| | | |
| **TOTAL:** | | $ **18,664.04** |
| *All listed claims are subject to objection in accordance with the Bankruptcy Code and the Plan | | |

# Exhibit "B"

# TIFFANY & BOSCO
### P.A.

**SEVENTH FLOOR CAMELBACK ESPLANADE II**
**2525 E. CAMELBACK ROAD**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
ljm@tblaw.com
Attorneys for Ditech Financial LLC

16-05063

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

IN RE:

Jessie Paul Ogle

      Debtor.

_____

Ditech Financial LLC

      Secured Creditor,

vs.

Jessie Paul Ogle, Debtor.

      Respondents.

No. 2:14-bk-11428-GBN

Chapter 11

**STIPULATION REGARDING
PLAN TREATMENT AND TO VALUATE
THE FIRST LIEN ENCUMBERING REAL
PROPERTY LOCATED AT
680 WEST MINTON DRIVE
TEMPE, AZ 85282**

      IT IS HEREBY STIPULATED by and between Ditech Financial LLC ("Secured Creditor")

and Jessie Paul Ogle ("Debtor"), through counsel undersigned, that the property generally described

as 680 West Minton Drive, Tempe, AZ 85282 and legally described as:

LOT 72, CASA FIESTA, ACCORDING TO BOOK 435 OF MAPS, PAGE 25 AND
AFFIDAVIT RECORDED JUNE 26, 1997 IN DOCUMENT NO. 97-0432432,
RECORDS OF MARICOPA COUNTY, ARIZONA

("Subject Property"), shall be treated as follows:

Commencing February 1, 2017, the Debtor will make payments on $317,767.70, which is the
full payoff amount good through January 27, 2018. The interest rate is to be fixed at 5.0% with
payments to be comprised of principle, interest and escrow. The loan will be re-amortized over 30
years.

There is currently post-petition escrow advances owed on the loan in the amount of
$17,924.26 through January 1, 2018. Debtor has agreed to cure the $17,924.26 over 24 months
beginning February 15, 2018. Payments one through twenty-three (1-23) in the amount of $746.84
shall be in addition to the regular monthly payments. The 24th final payment in the amount of
$746.94 shall be in addition to the regular monthly payment. In the event that Secured Creditor must
advance additional escrow, the Debtors agree to repay any escrow advance in addition to the above.

All other terms and conditions of the original Note and Mortgage, including the default
provisions, shall remain in full force and effect.

If the Debtor fails to tender the payments as required under this Stipulation prior to
confirmation of the plan, then Secured Creditor shall provide written notice to Debtor at #305301,
ASPC Florence – South Unit, PO Box 8400, Florence, AZ 85132 or such other address subsequently
provided by Debtor, to the Secured Creditor's counsel at the undersigned address, and if the default
occurs while the above-captioned bankruptcy proceeding remains active, to the Debtor's counsel at
1850 N. Central Avenue, #1150 Phoenix, AZ 85004, indicating the nature of the default. If the
Debtor fails to cure the default with certified funds after the passage of thirty (30) calendar days from

the date said written notice is received by the Debtor and Debtor's counsel if applicable, then Secured Creditor shall have immediate relief from the Automatic Stay of §362 of the Bankruptcy Code.

Upon confirmation of the plan, the automatic stay shall be immediately terminated and extinguished for all purposes as to Secured Creditor. If default occurs after the plan is confirmed, Secured Creditor may proceed with and hold a Trustee's Sale of the Property, pursuant to applicable state law, and without further Court Order of proceeding being necessary, commence any action necessary to obtain complete possession of the subject property, including unlawful detainer, if required.

This Stipulation shall be deemed null and void should the Debtor fail to confirm the Chapter 11 Plan within six months from the filing date of this Stipulation. Secured Creditor shall be entitled to file a Notice and lodge an Order of the Rescission of the Stipulation should the Debtor fail to confirm the Plan within six months of the filing date of the Stipulation. The decision to rescind the Stipulation rests solely with the Secured Creditor and the Stipulation will remain in effect until the Secured Creditor files the Notice of Rescission. In the event the Secured Creditor elects to file its Notice of Rescission, the original loan terms will remain in effect and the parties may either negotiate or litigate the Secured Creditors treatment under the Plan.

This Stipulation shall be subject to Bankruptcy Court approval.

This Stipulation shall be incorporated into Debtor's confirmed Chapter 11 Plan, and may not be altered in any way by subsequently amended and/or filed Amended Chapter 11 Plan or Amended Disclosure Statement, if any. Any inconsistencies between the treatment of Secured Creditor's claims under the Plan or Order Confirming Plan and this Stipulation shall be resolved in favor of this

Stipulation. Secured Creditor's agreement herein shall also constitute its acceptance of the Plan on account of its claims.

The agreements contained in this Stipulation shall be binding for purposes of the treatment of the Subject Property in Debtor confirmed Chapter 11 Plan, unless otherwise stipulated to in writing.

In the event this case is converted to a Chapter 7, Chapter 13 or dismissed, this Stipulation shall be deemed void and unenforceable.

SO STIPULATED:

Dated:_____    BY:_____
            Leonard McDonald, Esq
            Mark S. Bosco
            Attorneys for Secured Creditor

Dated:_____    BY:_____
            Khaled Tarazi, Esq.
            Thomas H. Allen, Esq.
            Attorneys for Debtor

# TIFFANY & BOSCO
## P.A.

**SEVENTH FLOOR CAMELBACK ESPLANADE II**
**2525 E. CAMELBACK ROAD**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228

Attorneys for Secured Creditor

16-05063

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Jessie Paul Ogle<br><br>        Debtor.<br>_____<br>Ditech Financial LLC<br><br>        Secured Creditor,<br>vs.<br><br>Jessie Paul Ogle, Debtor.<br><br>        Respondents. | No. 2:14-bk-11428-GBN<br><br>Chapter 11<br><br>NOTICE OF BAR DATE RE:<br>STIPULATION REGARDING PLAN<br>TREATMENT AND TO VALUATE THE<br>FIRST LIEN ENCUMBERING REAL<br>PROPERTY |

    **NOTICE IS HEREBY GIVEN** that Ditech Financial LLC, its agent, by and through its

undersigned attorneys, has entered into a Stipulation for Claims Treatment (the "Stipulation") with

Jessie Paul Ogle, (the "Debtor") with regard to the real property located at 680 West Minton Drive,

Tempe, AZ 85282. See the Stipulation attached hereto as Exhibit "A" for the complete terms of the agreement.

NOTICE IS FURTHER GIVEN that pursuant to Local Bankruptcy Rules 2002-1 and 9013-1, if no written objection is filed with the court and a copy thereof served upon Tiffany & Bosco, P.C., 2525 E. Camelback Rd. Seventh Floor, Phoenix, Arizona 85016 WITHIN TWENTY-ONE (21) days of service of this Notice, the Stipulation may be granted without a hearing. If a party in interest timely objects to the Stipulation and requests a hearing, the matter will be placed on the Court's calendar. Only those objecting and parties in interest will receive notice of the hearing.

NOTICE IF FURTHER GIVEN that the Stipulation and supporting papers are available for review at the Clerk's office, U.S. Bankruptcy Court, 230 N. First Avenue, Phoenix, Arizona 85003-1706 and a copy may be inspected by any party in interest by accessing the United States Bankruptcy Court for the District of Arizona Document Filing System at http://ecf.azb.uscourts.gov or a copy may be obtained from Tiffany & Bosco, PA at the address appearing upon this pleading.

DATED this 4th day of January, 2018.

Respectfully submitted,

TIFFANY & BOSCO, P.A.


BY   /s/ LJM #014228
        Mark S. Bosco
        Leonard J. McDonald
        Attorneys for Secured Creditor

Copy of the foregoing was
mailed January 4, 2018.

Jessie Paul Ogle
#305301
ASPC Florence - South Unit
PO Box 8400
Florence, Az 85132
Debtor

Thomas H. Allen
1850 N. Central Avenue, #1150
Phoenix, AZ 85004
Attorney for Debtor

Americas Servicing Co
PO Box 10328
Des Moines, IA 50306

Arizona Department of Revenue
1600 Monroe
7th Floor
Phoenix, AZ 85007

Bank of America
P.O. Box 5170
Simi Valley, CA 93062

Bank Of America
4161 Piedmont Pkwy
Greensboro, NC 27410

BMO Harris Bank
770 N Water St
Milwaukee, WI 53202

Capital One
PO Box 85520
Richmond, VA 23285

Chase
PO Box 24696
Columbus, OH 43224

Citimortgage
PO Box 6243
Sioux Falls, SD 57117

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

National Credit System
3750 Naturally Fresh Blvd
Atlanta, GA 30349

Ocwen Loan
1661 Worthington R Ste 100
West Palm Beac, FL 33409

Polec Holdings, LLC
c/o Harper Law PLC
2350 E. Germann Rd Ste 38
Chandler, AZ 85286

William Van Curen
c/o Snell & Wilmer, LLP
400 E. Van Buren Street
Phoenix, AZ 85004

By:  Julie Bush